UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMON BRADLEY #2237222,

    Plaintiff,

v.

S. CONARTY, et al.,

    Defendants.
_____/

CASE NO. 1:16-CV-715

HON. ROBERT J. JONKER

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Carmody's Report and Recommendation in this matter (ECF No. 32). Plaintiff has filed an Objection (ECF No. 33) and Defendants have filed a Response (ECF No. 37). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Magistrate Judge recommends granting Defendants S. Conarty, J. Yoder, and Trinity Services Group, Inc.'s motion for summary judgment. (ECF No. 24). The Magistrate Judge recommends that this Court grant the motion as to Defendants Conarty and Yoder because Bradley did not suffer an "adverse action" sufficient to maintain a First Amendment retaliation claim. (ECF No. 32, PageID.232–235). For the same reason, the Magistrate Judge further recommends granting the motion as to Defendant Trinity Services Group, Inc. The Magistrate Judge also recommends granting the motion as to Defendant Trinity Services Group because Bradley presented no evidence that his alleged injury was caused by a policy or custom which was enacted, adopted, or endorsed by Trinity Food Services. (*Id.* at PageID.235–236).

Bradley objects to the Report and Recommendation by averring that: (1) the Magistrate applied an incorrect analytical framework to the matter; (2) the Magistrate erred in concluding Bradley did not suffer an adverse action; (3) the Magistrate Judge erred by finding that the adverse action could not deter a prisoner of ordinary firmness for exercising his rights; and (4) that Bradley had presented sufficient evidence showing his injury was caused by a custom that was adopted and endorsed by Defendant Trinity Services Group.[1] (ECF No. 33). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; Plaintiff's Objection; and Defendants' Response. After conducting the de novo review, the Court will adopt the Report and Recommendation.

All parties agree a First Amendment retaliation claim requires proof that (1) the plaintiff was engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action

---

[1] The Court has rearranged the order of Bradley's Objections.

was motivated at least in part by the protected conduct. *Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). Under this framework, the Magistrate Judge found Bradley satisfied the first and third prongs of the retaliation framework. But the Magistrate Judge concluded that Bradley could not meet the second prong of showing an adverse action that would deter a person of ordinary firmness from continuing to engage in the protected conduct of writing grievances. (ECF No. 32). Defendants have not objected to the Magistrate's determination regarding the first and third prongs, and accordingly the second prong of the First Amendment retaliation framework is the only one at issue.

Bradley first objects by claiming the Magistrate Judge applied an incorrect analytical framework to this case and relied on an incorrect type of case law. (ECF No. 33, PageID.240). This objection is without merit. The Magistrate Judge correctly laid out the well-established test for First Amendment retaliation claims. The Magistrate Judge also correctly noted the issue at the heart of this case: "whether termination of Plaintiff's prison work assignment is sufficiently adverse to maintain a First Amendment retaliation claim." (ECF No. 32, PageID.232). Thereafter, the Magistrate Judge indicated there was no Sixth Circuit authority that directly addressed this issue. But the Magistrate Judge found persuasive the logic of other authority that concerned adverse action in the context of transferring a prisoner from one facility to another. This Court agrees with the Magistrate Judge on the persuasiveness of the authority.

In his second and third objections, Bradley maintains that he does satisfy the "adverse action" of the First Amendment retaliation framework. Bradley begins by claiming the Magistrate Judge erred by focusing on the loss of his prison work assignment as the adverse action, when the Magistrate Judge should have focused on the false work evaluations that Bradley received after

3

filing a grievance. But the Magistrate correctly found the two were linked for purposes of the retaliation analysis since the adverse action must lead to more than a de minimis sanction. *See generally Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583–84 (6th Cir. 2012). Moving to the merits, Bradley cites to a case from this district which noted that "some unreported Sixth Circuit opinions suggest that termination of prison employment *may* constitute adverse action." (ECF No. 33, PageID.239) (citing *Walker v. Brewer*, No. 1:13-cv-349, 2014 WL 1117835, at *2 (W.D. Mich. Mar. 20, 2014) (emphasis added) (referencing *Pasley v. Conerly*, 345 F. App'x 981, 985 (6th Cir. 2009), and *Dobbins v. Craycraft*, 423 F. App'x 550, 553 (6th Cir. 2011)). Bradley's objection fails to persuade the Court that a different outcome is necessary. While the Court acknowledges that the potential loss of a favorable prison work assignment could weigh on a prisoner's decision to engage in protected conduct, the Magistrate Judge struck the right balance here by finding that, without some additional negative consequence, a termination from a prison work assignment does not amount to an adverse action. A prisoner has no constitutional right to prison employment or a particular prison job in the first place. *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989). "[P]rison work assignments are not employment in the traditional sense, but a condition of confinement." *Nettles v. Smoker*, 2015 WL 1565429, No. 1:13-cv-1353, 2015 WL 1565429, at *5 (W.D. Mich. Apr. 8, 2015) (citing *Choate v. Lockhart*, 7 F.3d 1370, 1373 (8th Cir. 1993)). Accordingly, " a prisoner does not enjoy the benefits of a typical employer/employee relationship. Prisoners are expected to endure more than the average citizen." *Id.* Whereas an average citizen might have certain expectations and relies on employment to provide for the necessities of life, these considerations are not present here, where a prisoner is provided with housing, food, clothing, and medical care. *Id.* For this reason the loss of a prison work assignment, standing alone, is more

properly characterized as a "routine inconvenience[] of prison life." *Reynolds-Bey v. Harris*, 428 F. App'x 493, 503 (6th Cir. 2011). Bradley's objections are therefore rejected.

In his final objection, Bradley contends that he has presented evidence that the violation of his constitutional right was caused by a custom that was adopted and endorsed by Defendant Trinity Services Group. (ECF No. 33, PageID.240.) Bradley has not shown a violation of his constitutional rights. Moreover, the Magistrate Judge correctly held Bradley presented no evidence that his injury was caused by a custom or policy that had been enacted, adopted, or endorsed by Defendant Trinity Food Services. Bradley's objections merely insist that he can show a custom or policy without actually showing one. This objection is overruled.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 32) is approved and adopted as the Opinion of the Court. **IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 24) is **GRANTED.**

This case is **DISMISSED.**


Dated:     October 18, 2017             /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        CHIEF UNITED STATES DISTRICT JUDGE